UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ARAC ROOF IT FORWARD, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-04468-JMS-MJD |
| | ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY OF AMERICA, | ) ) | |
| | ) | |
| *Defendant.* | ) | |

## ENTRY

The Chief Executive Officer ("CEO") of Nationwide Mutual Insurance Company of America ("Nationwide") does not want to attend a settlement conference scheduled in this defamation matter on June 27, 2019. On April 8, 2019, Nationwide filed a Motion to Excuse its Chief Executive Officer from the Second Settlement Conference ("Motion to Excuse"), [Filing No. 76], which the Magistrate Judge denied on May 15, 2019, [Filing No. 78]. On May 28, 2019, Nationwide objected to the Magistrate Judge's Order in its Appeal of the Magistrate Judge's Order Denying Nationwide's Motion to Excuse Its Chief Executive Officer from the Second Settlement Conference ("Objection"), [Filing No. 81]. For the reasons set forth below, the Court **OVERRULES** Nationwide's Objection, [81].

## I.
### LEGAL STANDARD

Review of a magistrate judge's decision on a nondispositive motion is deferential, and the Court may sustain an objection to such an order only where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*

*v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC,* 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

## II.
### BACKGROUND

On December 1, 2017, ARAC Roof It Forward ("ARAC") filed this lawsuit against Nationwide asserting claims related to allegedly defamatory statements Nationwide made about ARAC to Nationwide's insureds during the investigation of two separate insurance claims. [*See* Filing No. 1; Filing No. 9.] On February 9, 2018, the Magistrate Judge scheduled a settlement conference in this matter, directing that each party be represented by a client representative "with complete authority to negotiate and communicate a settlement" and that, "unless excused by written order of the court, . . . an officer . . . of every corporate entity that is a party[] shall attend the settlement conference." [Filing No. 26 at 1-2.] On August 15, 2018, Nationwide sought leave from the officer attendance requirement, [Filing No. 44], which was granted to the extent that the CEO or Chief Financial Officer ("CFO") "must be available by telephone . . . in the event their participation in the conference is deemed necessary by the Magistrate Judge." [Filing No. 45 at 2].

The first, pre-summary judgment settlement conference was held before the Magistrate Judge on September 21, 2018. [Filing No. 47.] After the settlement conference proved unsuccessful, the Magistrate Judge scheduled a second settlement conference for June 27, 2019, directing that "unless excused by written order of the court, the chief executive officer of each of the parties shall appear in person for the settlement conference." [Filing No. 47 at 1-2.] The Magistrate Judge also ordered that, prior to October 5, 2018, the parties must confirm that the required representatives would be attending the second settlement conference. [Filing No. 47 at

2

4.] Nationwide failed to confirm that its CEO would be attending the second settlement conference. [Filing No. 48 at 1.]

On February 2, 2019, the Magistrate Judge issued a minute entry reminding the parties that a second, post-summary judgment settlement conference is scheduled for June 27, 2019. [Filing No. 71 at 1.] The Magistrate Judge stated that:

> [t]he parties' CEOs were ordered to attend the second settlement conference primarily because [Nationwide] refused to make any offer during the first settlement conference, despite [Nationwide's] counsel's acknowledgement that a complete disposition of this matter on summary judgment was unlikely. It was the belief of the undersigned Magistrate Judge, based upon [Nationwide's] behavior during the settlement conference, that [Nationwide's] representative had predetermined [Nationwide's] settlement position and was unwilling to even consider the risks inherent in a jury trial. Therefore, it is the belief of the undersigned Magistrate Judge that a second settlement conference would be futile without the presence of a high level member of [Nationwide's] management, which is why the court ordered both parties' CEOs to attend. It is not the Court's intent to force either party to settle, only to bring together representatives of the parties with an open mind who are willing to consider the risks of this matter proceeding to trial.

[Filing No. 71 at 1.]

On April 8, 2019, Nationwide moved for relief from the requirement that its CEO appear at the second settlement conference. [Filing No. 76.] Nationwide requested that its Managing Counsel, Tony Damelio—who was the representative at the first settlement conference—attend the second settlement conference in place of the CEO. [Filing No. 76 at 4.] Nationwide argued that although Mr. Damelio did not make any settlement offers at the first settlement conference, Nationwide later authorized a settlement offer of $5,000 in December 2018. [Filing No. 76 at 3-4.] Nationwide argued that Mr. Damelio has the authority to settle the matter, is the person from Nationwide who is most informed of the facts, strengths, and weaknesses of the case, and has the open mind and ability to evaluate the risks of proceeding to trial. [Filing No. 76 at 4.] Nationwide

3

also argued that its CEO should not have to attend because this case is not factually or legally complex and the damages involved are only "presumed" damages that do not amount to millions of dollars. [Filing No. 76 at 4.]

On May 14, 2019, the Magistrate Judge denied Nationwide's motion to excuse the CEO. [Filing No. 78.] The Magistrate Judge noted that "[t]he Court scheduled the second settlement conference so far in advance to provide the chief executive officers of the parties sufficient lead time to ensure their availability for the second settlement conference." [Filing No. 78 at 1, n. 2.] The Magistrate Judge also noted that the second settlement conference was scheduled immediately following the first settlement conference, when Mr. Damelio's "statements and actions were fresh in the Magistrate Judge's mind, and not based upon a possibly faded recollection months later." [Filing No. 78 at 3.] The Magistrate Judge addressed Nationwide's apparent argument that the damages were not sufficient to justify the presence of the CEO, and noted that ARAC's latest demand was nearly one million dollars. [Filing No. 78 at 3.] Finally, the Magistrate Judge noted that this case was not a typical insurance coverage case, but was instead a defamation matter that could potentially have a significant impact on Nationwide's business—a factor that would surely be of importance to Nationwide's CEO. [Filing No. 78 at 3.]

On May 28, 2019, Nationwide filed its Objection to the Magistrate Judge's Order, [Filing No. 81], which is ripe for decision.

### III.
#### DISCUSSION

Nationwide objects to the Magistrate Judge's Order on several grounds. First, "Nationwide disagrees with the Magistrate Judge's characterization of its counsel's position." [Filing No. 81 at 3.] Second, Nationwide argues that it should be permitted to choose who will attend the second settlement conference because the Advisory Committee's Note to the 1993 Amendment of Federal

4

Rule of Civil Procedure 16(c) provides: "The selection of the appropriate representative should ordinarily be left to the party and its counsel." [Filing No. 81 at 4.] In support of this argument, Nationwide contends that *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989) (en banc), which discusses a court's authority to order parties to attend settlement conferences, was decided prior to the 1993 Amendment, and that the majority opinion in that case ignored the five dissenting opinions. [Filing No. 81 at 5.] Finally, Nationwide argues that its "CEO should not be forced to attend the second settlement conference just because Nationwide did not offer to settle at the first settlement conference," and that it is Nationwide's prerogative to decide if it wants to proceed to trial rather than settle the matter. [Filing No. 81 at 7.]

In response, ARAC argues that Nationwide has failed to demonstrate that the Magistrate Judge's decision was so erroneous that this Court should set it aside. ARAC argues that although the Advisory Committee's Note to the 1993 Amendment to Rule 16(c) states that parties should "ordinarily" be left to choose who will represent them at a settlement conference, "[t]he explicit authorization in the rule to require personal participation in the manner stated is not intended to limit the reasonable exercise of the court's inherent powers." [Filing No. 82 at 2 (quoting Fed. R. Civ. P. 16(c) advisory committee's note to 1993 amendment).] ARAC also notes that its own CEO will be traveling from Kennesaw, Georgia (approximately 533 miles away) to attend the second settlement conference, and therefore Nationwide's CEO's travel from Columbus, Ohio (175 miles away) would not be so burdensome as to merit the excusal of the CEO's attendance. [Filing No. 82 at 2-3.]

In its reply, Nationwide argues that the Magistrate Judge's decision is "excessive and contrary to law." [Filing No. 83 at 1.] Addressing ARAC's opposition, Nationwide asserts that ARAC has misunderstood the Advisory Committee's Note to the 1993 Amendment to Rule 16(c)

5

and has overlooked the context in which the Magistrate Judge's Order was entered—i.e., Nationwide choosing to not make any settlement offers at the initial settlement conference. [Filing No. 83 at 2-3.] Nationwide also cites two dissenting opinions in *G. Heileman*, arguing that the Magistrate Judge's requirement of the presence of Nationwide's CEO amounts to the Court coercing a settlement. [Filing No. 83 at 3.]

Having carefully considered the foregoing, the Court agrees with ARAC that Nationwide has failed to present any grounds for reversing the Magistrate Judge's order requiring Nationwide's CEO to appear in person at the second settlement conference. Federal Rule of Civil Procedure 16(c) provides that, "[i]f appropriate, the court may require that a party or its representative be present . . . to consider possible settlement." Fed. R. Civ. P. 16(c). "The spirit, intent, and purpose of Rule 16 is broadly remedial, allowing courts to actively manage the preparation of cases for trial. Rule 16 is not designed as a device to restrict or limit the authority of the district [court] in the conduct of pretrial conferences," and the district court holds the "inherent authority to preserve the efficiency . . . of the judicial process." *G. Heileman*, 871 F.2d at 652 (applying 1987 version of Rule 16). The 1993 Amendment to Rule 16(c) codified what the Seventh Circuit had long ago held: the district court holds the power to "direct that . . . a responsible representative of the parties be present," recognizing that, "depend[ing] on the circumstances," the representative could be "an officer of a corporate power." Fed. R. Civ. P. 16(c) advisory committee's note (1993 Amendment). Although the Advisory Committee stated, "The selection of the appropriate representative should ordinarily be left to the party and its counsel," the Committee then reiterated the Seventh Circuit's holding in *G. Heileman* that "[t]he explicit authorization in the rule to require personal participation in the manner stated is not intended to limit the reasonable exercise of the court's inherent powers." *Id.* The specific language used by the Advisory Committee demonstrates the

6

"broadly remedial" spirit of Rule 16. It is notable that the main phrase at issue here states, "selection of the appropriate representative **should ordinarily** be left to the party and its counsel," rather than "selection of the appropriate representative **must always** be left to the party and its counsel." The Magistrate Judge acted within his inherent authority when he assessed the circumstances of this specific case and determined that the presence of the parties' CEOs would be required at the second settlement conference.[1] The Magistrate Judge's Order complies with the directives of Rule 16(c) and the principles announced by the Seventh Circuit in *G. Heileman*.

Moreover, the requirement for an entity's CEO to attend a settlement conference is not unique to this case and does not amount to the Magistrate Judge coercing settlement. Magistrate Judge Dinsmore has more than occasionally ordered that particular executives or other directors attend post-dispositive motion settlement conferences when he has deemed it necessary to the resolution of the case. Here, just as in the thousands of cases to come before him, the Magistrate Judge was exercising his discretion in light of the circumstances of this case. In short, Magistrate Judge Dinsmore's reasoning for requiring the presence of the parties' CEOs does not demonstrate clear or legal error, and does not—without evidence of intention on the Magistrate Judge's part— amount to coercing the parties into settling the matter. *See G. Heileman*, 871 F.2d at 653 (affirming the required presence of "corporate representatives with authority to settle" and noting there is "a distinction between being required to attend a settlement conference and being required to participate in settlement negotiations").

---

[1] In his Order, the Magistrate Judge advised that Mr. Damelio was not prohibited from attending the settlement conference, [Filing No. 78 at 4], and Mr. Damelio can still plan on attending the settlement conference if he wishes. The Magistrate Judge's Order simply requires the presence of both parties' CEOs.

Although Nationwide may be unhappy with the Magistrate Judge's decision, Nationwide may not ask this Court to substitute its own opinion for that of the Magistrate Judge. Review of a Magistrate Judge's ruling on a nondispositive issue is not review de novo. The issue in resolving this Objection is not how the undersigned would rule if the Court were considering the Motion to Excuse in the first instance. *See, e.g.*, *United States v. Suarez,* 225 F.3d 777, 779 (7th Cir. 2000) ("It is not the role of [the court reviewing for clear error] to reweigh the evidence and determine [the issue] in the first instance . . . ."). The issue is whether the Magistrate Judge clearly erred or committed an error of law in ruling as he did. Nationwide has failed to show how the Magistrate Judge's decision is clearly erroneous or contrary to law.

## IV.
### CONCLUSION

Nationwide clearly disagrees with the Magistrate Judge's evaluation of the proceedings and conclusion that the presence of both parties' CEOs at the upcoming settlement conference would aid in the resolution in this matter. But Nationwide's disagreement does not equate to clear or legal error, and the Magistrate Judge amply justified his decision with a discussion of relevant law and observations from the first, unsuccessful settlement conference in this matter. The Court therefore **OVERRULES** Nationwide's Appeal of the Magistrate Judge's Order [81] and **AFFIRMS** the Magistrate Judge's order that both parties' CEOs personally attend the June 27, 2019 settlement conference.

Date: 6/5/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**